IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATHERINE J. PATTERSON, d/b/a/
CATCO ENTERPRISES,

             Plaintiff,

v.

CAROLINA MANUFACTURING
COMPANY,

             Defendant

Civ. No. 01-0006 RLP/WWD

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAY 17 2001

## MEMORANDUM OPINION AND ORDER

On January 3, 2001, Plaintiff filed suit, alleging trademark infringement against Defendant Carolina Manufacturing Company ("CMC" herein). CMC answered the Complaint on March 14, 2001. This matter comes before the Court on CMC's Motion to Dismiss for failure to state a claim upon which relief can be granted, lack of personal jurisdiction, improper venue and incomplete service of process. Defendant alternately moves to have this matter transferred to the United States District Court for the District of South Carolina, for consolidation with Case No. 6-01-0274-13.

I.    Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.

In considering a motion to dismiss for failure to state a claim, a court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. Swanson v. Bixler, 750 F. 2d 810, 813 (10th Cir. 1984). A court may dismiss a complaint only if it appears certain that the plaintiff can prove no set of facts in support of the plaintiffs claim which would entitle the plaintiff to relief. Conley v. Gibson, 355 U. S. 41, 45-46 (1957).



Plaintiff's complaint alleged that CMC was incorporated under the laws of South Carolina. (Complaint, ¶ 2). In support of its motion to dismiss, CMC has submitted the affidavit of David Morse, its Division President. Mr. Morse's affidavit avers that CMC is an unincorporated division of Fendrich Industries, Inc. Plaintiff offers no contradictory evidence, and asserts that the court should permit her to amend her Complaint to name Fendrich Industries as the proper defendant, rather than granting CMC's Motion to Dismiss. She has not, however, filed a Motion to Amend.

As an unincorporated division of a corporation, CMC is not a legal entity, and has no capacity to be sued. U.S. v. ITT Blackburn Co., a division of ITT, 824 F.2d 628, 631 (8th Cir. 1987); Griffith v. Keystone Steel and Wire, a Div. of Keystone Consol. Indus., Inc., 887 F.Supp. 1133, 1138 (C.D.Ill.1995); Salzstein v. Bekins Van Lines, Inc., 747 F.Supp. 1281, 1282 n. 1 (N.D.Ill.1990); Plains Electric Gen. and Trans. Coop., Inc., v. New Mexico Public Utilities Commission, 126 N.M. 152, 149, 967 P.2d 827, 834 (1998) (Unincorporated division is not a separate entity from utility coop, and could not be a "person" under Public Utilities Act). As stated in EEOC v. St. Francis Xavier Parocial School, 77 F. Supp. 2d 71, 76 (D.C. 1999):

> The rationale for this precedent is, above all, pragmatic, as an unincorporated division does not possess separate assets; all of its assets are owned by the corporation. See Albers v. Church of Nazarene, 698 F.2d 852, 857 (7th Cir.1983); Griffith, 887 F.Supp. at 1138. Thus, "[u]nless the organization is liable there can be no levy of execution against the division's assets, and if the organization is not liable none of its assets can be used to satisfy the judgment." Albers, 698 F.2d at 857.

II.  Request to Amend pursuant to Fed. R. Civ. P. 15.

Inexplicably, Plaintiff has not filed a motion to amend with a copy of her proposed

amended complaint attached, as required by Local Rules 7 and 15. Nonetheless, she has clearly requested leave to amend her complaint pursuant to Fed. R. Civ. P. 15 (a), in order to name Fendrich Industries, Inc., as the proper party plaintiff. The grant of leave to amend the pleadings pursuant to Fed.R.Civ.P. 15(a) is within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir.1992). The rule provides that "leave shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); see also Childers v. Independent School District Number 1 of Bryan County, 676 F.2d 1338, 1343 (10th Cir.1982). I find none of these factors to be present.

I find that Plaintiff should be allowed to amend her complaint. Darby v. Pasadena Police Dep't, 939 F.2d 311, 314 (5th Cir. 1991) (selection of wrong party should be considered a remedial pleading defect); Hawkins VMR Joint Venture v. Rowbec, Inc., 835 F.Supp. 1091, 1092 (N.D. Ill. 1993) (plaintiff allowed to amend complaint when suit could not be brought in name of joint venture, but rather had to be brought in name of individual joint venturers).

IT IS THEREFORE ORDERED that Plaintiff is granted ten (10) days to file an amended Complaint, naming Fendrich Industries, Inc., as defendant;

IT IS FURTHER ORDERED that upon filing of Plaintiff's amended complaint, Defendant Carolina Manufacturing Company's Motion to Dismiss pursuant to Fed. R. Civ.

P. 12(b)(6) will be granted.

IT IS SO ORDERED.

_____
Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

For the Plaintiff:   Sam Bregman, Esq.
                     Thomas Schuchert, Esq.

For the Defendant:  Kathryn D. Lucero, Esq.