IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATHERINE J. PATTERSON, d/b/a
CATCO ENTERPRISES,

        **Plaintiff,**

vs.                        NO. CIV-01-0006 RLP/WWD

**FENDRICH INDUSTRIES INC.,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS TO DISMISS,
FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §1631 AND FOR STAY**

This is a patent infringement case. Defendant, Fendrich Industries, Inc., moves to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). Alternatively, Fendrich seeks transfer of this action to the District of South Carolina pursuant to 28 U.S.C. §1631 or a stay pending resolution of a case pending in the District of South Carolina. (Docket No. 28). I conclude that the Motions should be denied.

**I. Legal Standard**

Plaintiff has the burden of establishing that federal jurisdiction exists over the Defendant, and that exercise of personal jurisdiction would not violate due process requirements. *Etienne v. Wolverine Tube, Inc.,* 12 F.Supp.2d 1173, 1177 (D. Kan. 1998), citing *Kuenzle v. HTM Sport-Und Freizeitgerate AG,* 102 F.3d 453, 456 (10th Cir. 1996). If the motion to dismiss is submitted on the basis of affidavits and other written material, the plaintiff need only make a *prima facia* showing to defeat the motion. *Kuenzle, id.* The court must take the allegations of the complaint as true to the extent they are not controverted by the defendant's affidavits. *Behagen v. Amateur Basketball Assn.*,

744 F.2d 731, 733 (10th Cir. 1984) *cert. denied* 471 U.S. 1010 (1985).   If the court denies the motion to dismiss based on the *prima facie* standard, the defendant may later raise again the issue of the exercise of personal jurisdiction over it. *Packerware Corp. v. B & R Plastics, Inc.*, 15 F. Supp. 2nd, 1074, 1976 (D. Kan. 1998).

## II.  Background

Plaintiff is an individual business owner, with her principal place of business in New Mexico. Fendrich is an Indiana Corporation. (Docket No. 20, ¶ 1, 2; Docket No. 24, ¶ 1, 2).   Some of Fendrich's business is conducted through Carolina Manufacturing Company ("CMC" herein), an unincorporated division of Fendrich.  (Docket No. 21) CMC's operations are located in South Carolina.  (Docket No. 1 ¶2; Docket No. 7, ¶2).

Plaintiff alleges that she is the owner of the "Skulldana" trademark, a head-wear product. She further alleges that Fendrich has infringed on her trademark and engaged in unfair competition involving this product by manufacturing, selling and offering to sell "Skulldana" head-wear. (Docket No. 20, ¶ 8).

In support of its motion to dismiss for lack of personal jurisdiction, Defendant has submitted two affidavits of David Moore, the president of CMC.  Plaintiff has submitted no counter-affidavits. Mr. Moore's affidavits state in part:

> 4.  Fendrich Industries, Inc., does not operate a business in New Mexico, does not maintain facilities in New Mexico, does not own property in New Mexico, does not maintain a bank account in New Mexico, does not maintain a telephone listing in New Mexico, directs no advertising to New Mexico, and does not lease real or personal property in New Mexico.
>
> 5.  For the alleged infringing product year in 2000, Fendrich Industries, Inc. sales were only two transactions amounting to total sales (excluding expenses) of $787.50.  Those sales were only one-forty-two-hundredth of one percent

(1/420 of 1% or 0.0023%) of the total sales of the year 2000.[1]

(Ex. A to Docket No.29).

    2.    Fendrich Industries, Inc., has not attended trade shows in New Mexico.

    3.    Fendrich Industries, Inc. has had only two transactions in New Mexico concerning Skulldana.

    4.    Fendrich Industries, Inc. has no contracts sent to New Mexico, signed and returned.

    5.    Fendrich Industries, Inc. does not presently maintain a web site. However, any web site which may have existed in the past or will exist in the future does not involve conducting commercial transactions, e-commerce or any other commerce.

    6.    Fendrich Industries, Inc. has no publication advertising directed to New Mexico.

(Ex. A to Docket No. 32).

In its Answer to the Amended Complaint, filed June 11, 2001, Fendrich admitted that CMC manufactures and sells handkerchiefs, bandanas, and various types of head-wear on a wholesale basis to various distributing firms around the world (Docket No. 24, ¶2), and that it "inadvertently kept 'Skulldana' on a web page as an oversight." (Docket No. 24, ¶ 8(a)).

## III. Analysis

### A. The New Mexico Long Arm Statute

*In personam* jurisdiction in New Mexico over non-resident defendants has three elements, all of which must be present. First, the defendant must have committed one of the acts enumerated in the long-arm statute as a basis for exercising extra-territorial jurisdiction. Second, the cause of action

---

[1]Although Mr. Moore's affidavit does not state that these sales were made in New Mexico, the memorandum filed by Defendant's makes that admission. ("In the year 2000, defendant's sales of its head-wear to New Mexico amounted to only two transactions. . ."). (Docket No. 29, p. 2).

must arise from the acts enumerated in the statute. Third, the defendant must have "minimum contacts" with the State of New Mexico sufficient to satisfy the requirements of the Due Process Clause of the United States Constitution. *Beh v. Ostergard*, 657 F.Supp. 173, 174 (D.N. M. 1987). Before *in personam* jurisdiction can be asserted, it is essential "that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed. 2d 1283 (1958), cited in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-475, 105 S.Ct. 2174, 85 L. Ed.2d 528 (1985).

The New Mexico Long Arm statute, NMSA 1978 §38-1-16 (1998 Repl. Pamp.), authorizes the exercise of jurisdiction over one "whether or not a citizen or resident of the state" as to any cause of action arising from: "(1) the transaction of any business within the state [or] (3) the commission of a tortious act within the state. . . ." The reach of this statute has been extended to the limits of due process. *United Nuclear Corp. v. General Atomic Corp.*, 91 N.M. 41, 42, 570 P.2d 305, 306 (1977). This court has previously held that "infringement of intellectual property rights sounds in tort for purposes of the long-arm provision pertaining to personal jurisdiction." *Origins Natural Resources, Inc., v. Kotler*, 133 F. Supp. 2d 1232, 1234 (D. N.M. 2001).

Fendrich has admitted that it made two sales of the "Skulldana" product in New Mexico in 2000, which would subject it to the personal jurisdiction of this court, provided such activity can also be equated with the purposeful availment required by due process. *Origins Natural Resources, Inc.*, 133 F. Supp. 2d at 1234-1235.

**B.     Due Process**

Plaintiff has the burden of showing that Fendrich's contacts with New Mexico are sufficient

4

to meet the requirements of Due Process.  *U.S. Const. amend. XIV; see International Shoe v. State of Washington*, 326, U.S. 310, 66 S. Ct.  154, 90 L. Ed. 95 (1945); *Beh v. Ostergard*, 657 F. Supp. at 173.  Personal jurisdiction may be founded on either of two theories: general or specific jurisdiction. *Kuenzle v. HTM Sport-Und Freizeitgerate  AG*, 102 F.3d at 455. General jurisdiction is found when the defendant's contacts with the forum state are so continuous and systematic that the state may exercise personal jurisdiction even when the claims are unrelated to the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia,  S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Specific jurisdiction exists when the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, and the claims against it arise out of those contacts. *Helicopeteros Nacionales de Colombia S.A*., 466 U.S. at 414 n. 8, 104 S.Ct. at 1868.

Plaintiff contends that sufficient minimum contacts have been shown because Fendrich  (1) advertized Skulldana on the Internet and in national publications (2) provided raw materials to Plaintiff, and (3) consummated two sales of Skulldana head-wear in New Mexico.

   **1. General Jurisdiction**

Plaintiff has not made a *prima facia* showing sufficient to support the exercise of general jurisdiction over Fendrich.  There has been no showing that Fendrich's sales in New Mexico, either of an undisclosed amount of raw material to Plaintiff or of "Skulldana" products to others, amounts to continuous and systematic activity.

   **2. Specific Jurisdiction**

In assessing minimum contacts relevant to the exercise of specific jurisdiction, it is appropriate to consider only actions which give rise to Plaintiff's claim.  Accordingly, the sale of raw materials

to Plaintiff is irrelevant to the issue of specific jurisdiction. Additionally, Plaintiff has failed to make a *prima facia* showing that Plaintiff's advertizing and web page, standing alone, provide sufficient minimum contacts with New Mexico.  The Affidavit of Mr. Moore, which as not been controverted, establishes that Fendrich's web site was not a venue for commercial transactions or e-commerce. Assuming the site was accessed by New Mexico residents, it was akin to mere advertising from another forum into New Mexico. *Origins Natural Resources, Inc., v. Kotler,*  133 F. Supp. 2d at 1236-1237.  "[T]he mere placement of an advertisement in an nationally distributed newspaper of magazine 'does not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser.'" *Sunwest Silver, Inc., v. International Connection, Inc.,* 4 F. Supp. 2d 1284, 1287 (D. N.M. 1998), citing *Federated Rural Elec. Ins. Co. v. Kootenai Elect. Coop.,* 17 F.3d 1302, 1305 (10th Cir. 1994) and *Williams v. Bowman Livestock Equip. Co.,* 927 F.2d 1128, 1131 (10th Cir. 1991).

The Court is left with the question of whether sales to two unrelated New Mexico consumers in 2000, combined with "passive" advertising on Defendant's web page and in magazines amounts to purposeful availment sufficient for the exercise of personal jurisdiction.

The Tenth Circuit has made clear that the mere fact of injury in the forum  state due to allegedly tortious activities will not confer specific jurisdiction . *Far  West Capital v. Towne*, 46 F.3d 1071, 1079 (10th Cir. 1998). "Instead, in order to resolve the jurisdictional question, a court must undertake a particularized inquiry as to the extent to which the defendant has purposely availed itself of the benefits of the forum's laws." *Id*.

Plaintiff has made a *prima facia* showing of minimum contacts sufficient for the exercise of specific jurisdiction over Fendrich:  Fendrich made sales of the allegedly infringing product to New

Mexico residents, other than Plaintiff, in 2000; Fendrich maintained the "Skulldana" trademark on its web page, and this litigation arises from the allegedly wrongful appropriation of Plaintiff's trademark and the sale and advertising of her product by Defendant.

Defendant, relying on *Sunwest Silver*, *supra*, contends that the *de minimus* level of its sales in New Mexico establishes that it has insufficient minimum contacts to satisfy the requirements of Due Process. Defendant misconstrues the holding of *Sunwest Silver*. That case was not decided on the issue of the volume of sales within the forum. The Court found that there were insufficient contacts to support the exercise of personal jurisdiction because all the contacts between the non-resident defendant and the forum had been unilaterally initiated by the plaintiff. *Sunwest Silver,* 4 F.Supp.2d at 1286-1287.  Unlike *Sunwest Silver*, here there has been a *prima facia* showing of affirmative conduct by Fendrich promoting the transaction of business within New Mexico. Fendrich purposefully availed itself of the benefits and protections of New Mexico law sufficient to support the exercise of personal jurisdiction over it.

Even though sufficient minimum contacts to support specific jurisdiction are present, the question is whether the exercise of jurisdiction is so unreasonable as to violate "fair play and substantial justice." In making this determination, the following should be considered: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies;  and (5) the shared interest of the several states in furthering fundamental substantive social policies.  *OMI Holdings, Inc. v. Royal Insurance Co. of Canada*, 149 F.3d 1086 (10th Cir.1998).  Applying these factors,  the exercise of jurisdiction is not so unreasonable as to violate "fair play and substantial justice."

(1) <u>The burden on the defendant</u>:  The pleadings and affidavits before the court indicate that Fendrich is an Indiana Corporation with at least one division located in South Carolina; that through this division it manufactures and sells products to distributing firms around the world, and that it has annual sales in excess of $30,000,000.

(2) <u>The forum state's interest in resolving the dispute</u>:  New Mexico has a "manifest interest" in providing a forum in which its residents can seek redress for injuries caused by out of state actors. *Burger King Corp. v. Rudzewicz*, 471 U.S. at 473, 105 S. Ct. at 2182.

(3) <u>The plaintiff's interest in receiving convenient and effective relief</u>:  Plaintiff is a small local company, with resources clearly more limited than those of Fendrich.  Forcing Plaintiff to litigate in an alternate forum "may be so overwhelming as to practically foreclose pursuit of the lawsuit." *OMI Holdings,* 149 F.3d at 1097.

(4) <u>The interstate judicial system's interest in obtaining the most efficient resolution of controversies</u>:  The witnesses to this dispute are presumably located in New Mexico and South Carolina, and perhaps in Indiana.

(5) <u>The shared interest of the several states in furthering fundamental substantive social policies</u>:  This factor does not apply in this case.

Balancing these factors, the exercise of personal jurisdiction over Fendrich is reasonable.

**C.      Transfer pursuant to 28 U.S.C. § 1631.**

In light of the court's finding that it has personal jurisdiction over Fendrich, the motion to transfer pursuant to 28 U.S.C. §1631 is inapplicable.

**D.      Motion to Stay**

This court has jurisdiction over the parties and subject matter of this suit.  This action was

filed prior to the matter currently pending the District Court for the District of South Carolina. (See (Docket No.  No. 12, p.8).  Fendrich has presented no legal authority or convincing reasoning in support of its Motion to Stay this action.  Accordingly, that motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for lack of personal jurisdiction, to transfer pursuant to 28 U.S.C. §1631 and for stay is denied.

                                          RICHARD L. PUGLISI
                                  UNITED STATES MAGISTRATE JUDGE
                                            (Sitting by designation)

For the Plaintiff:

    The Bregman Law Firm P.C.
    Sam Bregman, Esq.
    Thomas Schuchert, Esq.

For the Defendant:

    Foster•Johnson•McDonald•Lucero•Koinis, LLP
    Kathryn D. Lucero

    Flint & Kim, P.A.
    Court Flint, Esq.